Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 189 | **DATE** | 12/14/2004 |
| **CASE TITLE** | United States vs. Tobias McNeal | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] REPORT AND RECOMMENDATION is hereby submitted to Judge Norgle recommending that the District Court deny defendant's motion to quash arrest [17-1] and suppress statements [17-2]. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995). All matters relating to the referral of this case having been resolved, the referral is closed and the case is returned to the assigned judge.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 15 2004 | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| KF | courtroom deputy's initials | 2004 DEC 14 AM 10:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 04 CR 189 |
| v. ) | |
| ) | Mag. Judge Michael T. Mason |
| TOBIAS MCNEAL ) | |
| ) | |
| Defendant, ) | |

## REPORT AND RECOMMENDATION

Michael T. Mason, United States Magistrate Judge:

The District Court has referred defendant Tobias McNeal's Motion to Quash Arrest and Suppress Evidence to this Court for an evidentiary hearing and a Report and Recommendation. McNeal seeks to quash his arrest and to suppress all statements that were made to law enforcement officers following his arrest on October 3, 2003. For the reasons set forth below, this Court respectfully recommends that the District Court deny McNeal's motion to quash arrest and suppress evidence.

## Background

On October 30, 2003, defendant, Tobias McNeal, was arrested by Chicago Police Department officers Anthony Jannotta and Matthew Price at approximately 11:50 p.m. Prior to the arrest, the officers were driving along South Marshfield Avenue in Chicago and observed several people, including the defendant, standing in a group in the area of 6115 South Marshfield.

At an evidentiary hearing on December 3, 2004, Officer Anthony Jannotta testified that he and his partner, Officer Matthew Price, observed defendant Tobias



McNeal standing several feet from where the group was standing. Officer Jannotta saw defendant McNeal look in his direction and drop a handgun to the ground from his right hand. The gun was dropped to the ground next to a bush in front of 6115 South Marshfield. The officers immediately pulled over and told the group of individuals, including McNeal, to step over to their squad car with their hands out. Officer Matthew Price immediately placed handcuffs on defendant McNeal. Officer Jannotta went directly to where he saw McNeal drop the handgun and recovered it. (Government Ex. Gun). It was next to a bush at 6115 South Marshfield. (Def's. Exhibit #3). During this time, another squad car pulled up. McNeal was placed in the back seat of the squad car that had just arrived.

After placing McNeal in the back of that squad car, Officer Jannotta conducted a protective pat down of the other individuals, questioned them and released them after determining that they had no knowledge of the gun.

Officer Jannotta then retrieved defendant McNeal from the second squad car and placed him in the back seat of his squad car.

Officers Price and Jannotta then got into their squad car and Jannotta read McNeal his *Miranda* rights. These *Miranda* rights were read exactly as they are written in the FOP (Fraternal Order of Police) book. Officer Jannotta asked McNeal if he understood each of these rights, and he said yes to each and every question. Officer Jannotta then asked McNeal if he wished to answer any questions at the time. McNeal said yes.

At that time, Officer Jannotta asked McNeal if the gun was his. McNeal said, "yeah, the gun is mine, but I just found it."

2

The officers took McNeal to the 7th District for processing.

On October 19, 2004, McNeal filed this motion to quash arrest and suppress evidence. McNeal argues that the police officers did not have probable cause to make an arrest, that the police officers did not advise him of his *Miranda* rights, and that he did not make the statement to police officers that the firearm in question was his.

## Legal Analysis

The primary issue for resolution presented by this motion is whether the arresting officers had probable cause to arrest McNeal on October 3, 2003. Officer Jannotta stated that he saw McNeal drop a dark handgun onto the ground prior to making the arrest. This suspicion was verified when Jannotta retrieved a handgun from the exact spot on the ground where he saw the defendant drop the weapon.

To make an arrest without a warrant, the police must have probable cause to reasonably believe that an individual has committed a crime. *United States v. Gilbert*, 45 F.3d 1163, 1166 (7th Cir. 1995). Probable cause exists when, given all the circumstances set forth, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Moreover, probable cause to make an arrest exists when police officers observe a handgun in a person's possession. *United States v. Woods*, 233 F.3d 482, 485 (7th Cir. 2000).

In *Woods*, the Seventh Circuit specifically upheld a finding of probable cause based solely upon a police officer's observation of a handgun. *Id.* The defendant in that case fled the scene when he saw the police officers approaching and was

subsequently arrested. *Id.* The defendant offered no reason to doubt the credibility of the testifying officers; thus, his argument that the police officers lacked probable cause to make an arrest was without merit. *Id.*

McNeal relies on two cases in support of his motion, *Beck v. Ohio*, 379 U.S. 89 (1964), and *Dunaway v. New York*, 442 U.S. 200 (1979). However, neither case actually supports his contention that the officers in this case lacked probable cause. *Dunaway* is inapposite because it involved a defendant that was convicted as a result of statements that were obtained during a custodial interrogation, as opposed to an arrest. 442 U.S. at 203. In *Beck*, the defendant was arrested without a warrant after a routine traffic stop where he was found to be in possession of clearinghouse slips in violation of an Ohio statute. 379 U.S. at 90. The arresting officers testified that they suspected the defendant of being involved in a "clearinghouse scheme" because they "knew he had a record." *Id.* at 93. The Supreme Court overturned defendant's conviction for lack of probable cause after finding that "the record [did] not show that the officers saw the petitioner 'stop' before they arrested him, or that they saw, heard, smelled, or otherwise perceived anything else to give them ground for belief that the [defendant] had acted or was then acting unlawfully." *Id.* at 94. Unlike in *Beck*, here, Officer Jannotta testified that he saw the defendant in possession of a firearm, which is a clear ground for the belief that he was acting unlawfully.

Furthermore, McNeal has offered no evidence that the arresting officers' statements in this case are not credible. Officer Jannotta testified that he observed the defendant in possession of a dark handgun. Absent any finding that the officers'

4

credibility is in question, we are compelled by the Seventh Circuit's decision in *Woods* to find that the police officers in this case had probable cause to make the arrest. Similarly, we have no reason to doubt Officer Jannotta's testimony that he read McNeal his *Miranda* rights from a pre-printed form prior to obtaining any statements and that McNeal understood all of his rights before admitting that he had the handgun.

## Conclusion

This Court respectfully recommends that the District Court deny defendant's motion to quash the arrest and suppress the evidence. The officers had probable cause to arrest the defendant for possession of a handgun and the statements obtained following defendant's arrest on October 3, 2003 were obtained lawfully and should not be suppressed. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: December 14, 2004

5